UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAUL BERNARD, #536729<br>Plaintiff,<br><br>v.<br><br>MICHIGAN TREASURER,<br>Defendant. | No. 1:26-cv-00603<br><br>Honorable Paul L. Maloney |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter comes before the court on the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 41, resolving Defendant's Motion to Dismiss ("Motion"), ECF No. 18, Plaintiff's Motion for Declaratory Judgment, ECF No. 4, and Plaintiff's Motion to Address IRA Homestead Protection. ECF No. 14. The Magistrate Judge recommended (1) granting Defendant's Motion on abstention grounds and dismissing the case without prejudice, (2) denying Plaintiff's motion for declaratory judgment as moot, and (3) denying Plaintiff's Motion to Address IRA Homestead Protection as moot. ECF No. 41.

For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's R&R.

## I. BACKGROUND

This case arises from a state court case between the same parties. There, Defendant sued Plaintiff seeking reimbursement for the cost of Plaintiff's incarceration. Defendant sought to levy Plaintiff's Fidelity IRA account. *Id.* PageID.329. In seeking reimbursement, Defendant relied on the State Correctional Facility Reimbursement Act ("SCFRA"), a

Michigan state law that allows the State to seek reimbursement for incarceration expenses. Mich. Comp. Laws § 800.401.

On February 23, 2026, Plaintiff sued Defendant in this court seeking a declaratory judgment that would preclude Defendant from obtaining access to his pension fund, including his Fidelity IRA account. ECF No. 41 PageID.329. On May 13, 2026, Defendant filed its Motion seeking dismissal for lack of jurisdiction under the *Younger* abstention doctrine; or, alternatively, failure to state a claim because ERISA does not prohibit post-payment alienation of pension benefits. ECF No. 18 PageID.84–85.

On May 29, 2026, the state court sided with Defendant and awarded it 90% of Plaintiff's assets, including his pension fund. ECF No. 41 PageID.330. Plaintiff intends to appeal. ECF No. 50 PageID.383.

The Magistrate Judge issued her R&R on August 3, 2026. ECF No. 41. Plaintiff filed his objections on September 9, 2026. ECF No. 50. Defendant responded on September 17, 2026. ECF No. 53.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure grant parties fourteen days to file written objections to a magistrate judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district judge then reviews *de novo* the portions of the R&R to which parties filed objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Our Local Rules require any party objecting to a R&R to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). If a party fails to make a specific objection, then the party waives

that objection. *Middleton v. Octapharma Plasma, Inc.*, No. 19–1943, 2020 WL 5000070, at * 1 (6th Cir. Mar. 26, 2020).

## III. ANALYSIS

Defendant objected to the Magistrate Judge's recommendation to dismiss this action. ECF No. 50. Defendant's objections fall into two general categories: (1) that the *Younger* abstention doctrine does not apply and (2) that ERISA and/or the Homestead Act preempt the SCFRA. *Id.* The court overrules both categories of objections.

First, the Magistrate Judge fully addressed Plaintiff's *Younger* abstention doctrine arguments in her R&R. Plaintiff has not established an error of fact or law. The court finds that (1) the *Younger* abstention doctrine applies, (2) the three-factor test laid out in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982), is satisfied, and (3) no exception to the *Younger* abstention doctrine applies.

Second, Defendant's preemption arguments are moot. Because the Magistrate Judge concluded that Defendant's Motion should be granted on abstention grounds, the Magistrate Judge declined to reach the issue of preemption. Similarly, the court declines to reach the issue of preemption because it adopts the Magistrate Judge's recommendation to grant Defendant's Motion on abstention grounds and dismiss the case without prejudice. Thus, the court need not reach Defendant's preemption arguments.

Because the court finds that this case should be dismissed without prejudice, the court also adopts the Magistrate Judge's recommendation to deny Plaintiff's Motion for

Declaratory Judgment, ECF No. 4, and Plaintiff's Motion to Address IRA Homestead Protection as moot. ECF No. 14.

## IV. CONCLUSION

The court therefore **ADOPTS** the R&R, ECF No. 41, **GRANTS** Defendant's motion to dismiss, ECF No. 18, and **DENIES** Plaintiff's Motion for Declaratory Judgment, ECF No. 4, and Motion to Address IRA Homestead Protection, ECF No. 14, as moot.

**IT IS SO ORDERED.**

Date: September 29, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge